IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEE SMITH                                                                                          PLAINTIFF

VS.                                            Case No. 04-CV-4014

INTERNATIONAL PAPER COMPANY                                          DEFENDANT

**<u>ORDER</u>**

On July 20, 2005, the Court granted Defendant's Motion for Summary Judgment. (Docs. 40 and 41) Thereafter, Defendant filed a Bill of Costs (Doc. 42) to which Plaintiff objected. (Doc. 43) Fed. R. Civ. P. 54(d) states, in part, "[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" There is a presumption that a prevailing party is entitled to costs, and the losing party bears the burden of showing that an award of costs to a prevailing party is inequitable under the circumstances. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494 (8th Cir.2002). Rule 54(d) is discretionary in nature, and federal courts are free to pursue a case-by-case approach in deciding whether or not to award costs. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2668. A losing party's good faith is a factor to be considered by the Court when deciding whether to award costs. *See e.g. In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449 (3d Cir.2000); *Association of Mexican-American Educators v. State of Claifornia*; 231 F.3d 572 (9th Cir.2000); *Cherry v. Champion Intern. Corp.*, 186 F.3d 442 (4th Cir.1999). Plaintiff has proceed *pro se* throughout this litigation. Even though the Court ultimately granted Defendant's motion for summary judgment, Plaintiff's suit was not brought in bad faith. Plaintiff had a colorable claim of racial discrimination. Plaintiff has also conducted himself well in acting as his own attorney. The amount of costs claimed by Defendant would undoubtedly place a great financial hardship on Plaintiff. For these reasons, the Court exercises its discretion and declines to award costs to Defendant.

IT IS SO ORDERED, this 7th day of September, 2005.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
U.S. District Court